# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

CHRISTOPHER XAVIER BRODEUR, )
                              )
              Petitioner,     )
                              )
v.                            )        Case No. CIV-24-775-HE
                              )
USA GOVERNMENT,               )
                              )
              Respondent.     )

## REPORT AND RECOMMENDATION

Christopher Xavier Brodeur, a federal pretrial detainee housed at the Donald W. Wyatt Detention Facility in Central Falls, Rhode Island, has filed a petition for writ of habeas corpus.[1] Doc.1.[2] United States District Judge Joe Heaton referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 4. Because this Court lacks jurisdiction, the undersigned recommends the Court dismiss the petition without prejudice.

---

[1]    Petitioner has not paid the filing fee or moved to proceed in forma pauperis.

[2]    Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

I. **Background.**

Petitioner is under criminal complaint in the United States District Court for the District of Massachusetts for two counts of mailing threatening communications. *United States v. Brodeur*, No. 24-CR-10051-JEK (D. Mass. Dec. 14, 2023).[3] That court has stayed the criminal proceeding against Petitioner after finding Petitioner mentally incompetent to understand the nature and consequences of the proceedings against him or to assist in his defense. *Id*. Doc. 28 (Order dated May 23, 2024). Petitioner is presently confined in Central Falls, Rhode Island at the Donald W. Wyatt Detention Facility,[4] while he awaits transport to a treatment facility. *See id*. Doc. 30 (Motion for Immediate Transport and/or Motion to Dismiss Indictment dated July 24, 2024).

Petitioner has filed an "emergency habeas" petition in this Court challenging the criminal proceedings against him in the District of Massachusetts. Doc. 1. He asserts, among other things, that he is innocent and

---

[3]    The undersigned takes judicial notice of the docket sheet in Petitioner's criminal case. *See United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (exercising discretion "to take judicial notice of publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand").

[4]    This facility houses detainees in the custody of the United States Marshals Service. *See* https://www.wyattdetention.com/ (last visited Aug. 16, 2024).

his charges "are literally pettier than littering or a speeding ticket." *Id.* at 1.
He seeks immediate release. *Id.* at 4.

## II.  Screening.

This Court must review a habeas petition and dismiss it "[i]f it plainly
appears from the petition and any attached exhibits that the petitioner is not
entitled to relief in the district court." Rule 4, Rules Governing Section 2254
Cases in the United States District Courts;[5] *see also Garza v. Davis*, 596 F.3d
1198, 1205 (10th Cir. 2010) (holding a federal court possesses "the discretion
either to dismiss the 28 U.S.C. § 2241 petition if it appear[s] that the petitioner
was not entitled to relief or to order the respondent to file a response").

## III.  Discussion.

Petitioner names "The USA Government" as Respondent in this case.
Doc. 1, at 1. But "[t]he federal habeas statute straightfowardly provides that
the proper respondent to a habeas petition is 'the person who has custody over
[the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28
U.S.C. § 2242). So, "in habeas challenges to present physical confinement-'core

---

[5]    The Court may apply the Rules Governing § 2254 Cases to habeas
petitions arising under § 2241. *See* Rule 1(b); *Whitmore v. Parker*, 484 F. App'x
227, 231 n.2 (10th Cir. 2012) (citing *Boutwell v. Keating*, 399 F.3d 1203, 1211
n.2 (10th Cir. 2005) as holding that: "The District Court . . . acted within its
discretion by applying the Section 2254 Rules to this § 2241 petition.").

challenges'-the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Id*. at 435. Petitioner has not identified the warden of the facility where he is detained or named him or her as a Respondent in this case. *See id*. at 439 ("In challenges to present physical confinement, we reaffirm that the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent.").

A § 2241 petition must also be filed in the district where the prisoner is confined. *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011); *see also Rumsfeld*, 542 U.S. at 443 ("[J]urisdiction lies in only one district: the district of confinement."). Petitioner is not confined in this District. Rather, Petitioner's place of confinement is the Donald W. Wyatt Detention Facility in Central Falls, Rhode Island. *See* Doc. 1, at 45 (Petitioner states he is "currently illegally detained in Wyatt Jail, RI"); *see also Brodeur*, No. 24-CR-10051-JEK, Doc. 31 (letter stating Petitioner will be transferred to "FMC Devens" "to begin his competency restoration" on September 23, 2024).

"District courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld*, 542 U.S. at 442 (quoting 28 U.S.C. § 2241(a)). Petitioner's immediate custodian is in the District of Rhode Island. *See* 28 U.S.C. § 120 (Rhode Island constitutes one judicial district."). So that

district, not this district, is where Petitioner should have brought his habeas corpus petition. The undersigned therefore recommends the Court dismiss the habeas petition without prejudice for lack of jurisdiction. *See Rumsfeld*, 542 U.S. at 451 ("The District of South Carolina, not the Southern District of New York, was the district court in which Padilla should have brought his habeas petition. We therefore reverse the judgment of the Court of Appeals and remand the case for entry of an order of dismissal without prejudice.").

## IV.    Recommendation and right to object.

The Court lacks jurisdiction over the habeas petition. The undersigned thus recommends the Court dismiss it without prejudice. Petitioner is free to refile this action in the proper judicial district, which is the United States District Court for the District of Rhode Island.

The undersigned advises Petitioner of his right to file an objection to this Report and Recommendation with the Clerk of Court on or before September 16, 2024, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Petitioner that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 26th day of August, 2024.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE